**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: QuVIS, INC.,

    Debtor.

------------------------------

DOUGLAS A. FRIESEN, M.D.;
MARILYN R. FRIESEN GREENBUSH,
Ph.D.; DOUGLAS C. CUSICK

    Plaintiffs–Appellants,

and

JFM LIMITED PARTNERSHIP I;
UNSECURED CREDITORS'
COMMITTEE,

    Plaintiffs,

v.

SEACOAST CAPITAL PARTNERS II,
L.P.,

    Defendant–Appellee.

No. 12-3099
(D.C. No. 6:11-CV-01072-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under

Continued . . .

Before **LUCERO**, **SEYMOUR**, and **MURPHY**, Circuit Judges.

Appellants seek reversal of a bankruptcy court order declining to equitably subordinate the claim of Seacoast Capital Partners II, L.P. ("Seacoast"). We are in substantial agreement with the bankruptcy and district courts. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

**I**

Given our agreement with the lower courts in this matter, we will not recite the facts of this case in detail. Appellants, along with Seacoast and other lenders, loaned funds to QuVIS, Inc., a company that was later placed into involuntary Chapter 11 bankruptcy. Although appellants initially possessed a secured interest in QuVIS's assets pursuant to a UCC-1 financing statement filed with the Kansas Secretary of State, they lost their secured status when the financing statement lapsed by operation of state law. Seacoast, along with other lenders, noted the lapse and filed new financing statements to secure their interests. The bankruptcy court ruled that secured lenders would be paid from the QuVIS estate on a first-to-file basis, an issue not before us on appeal.

Appellants initiated an adversary proceeding seeking to equitably subordinate Seacoast's claim. The bankruptcy court concluded that equitable subordination would be

the terms and conditions of 10th Cir. R. 32.1.

improper because Seacoast was not an insider of QuVIS and Seacoast did not engage in inequitable conduct. The district court affirmed.

## II

"In an appeal in a bankruptcy case, we independently review the bankruptcy court's decision, applying the same standard as the . . . district court." Miller v. Bill and Carolyn Ltd. P'ship (In re Baldwin), 593 F.3d 1155, 1159 (10th Cir. 2010). We review the grant of summary judgment de novo. Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000).

A bankruptcy court may "subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim." 11 U.S.C. § 510. A party seeking equitable subordination must establish, inter alia, "inequitable conduct on the part of the party whose debt is sought to be subordinated." Sender v. Bronze Grp., Ltd. (In re Hedged-Investments Assocs.), 380 F.3d 1292, 1300 (10th Cir. 2004) (quotation omitted). "Where the claimant is an insider or a fiduciary, the party seeking subordination need only show some unfair conduct, and a degree of culpability, on the part of the insider." Id. at 1301. "If the claimant is not an insider or a fiduciary, however, the party seeking subordination must demonstrate even more egregious conduct such as gross misconduct tantamount to fraud, misrepresentation, overreaching or spoilation." Id. at 1301-02 (quotation omitted).

We agree with the thorough and persuasive orders of the bankruptcy and district courts. Appellants have not advanced evidence creating a question of fact as to whether

Seacoast was an insider of QuVIS. See 11 U.S.C. § 101(31)(B) (criteria for statutory insiders); Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.), 531 F.3d 1272, 1276 (10th Cir. 2008) (criteria for non-statutory insiders). Nor have they created a fact question as to whether Seacoast engaged in inequitable conduct. See Sender, 380 F.3d at 1301-02 (describing inequitable conduct standard for non-insiders). The record demonstrates that Seacoast simply filed a financing statement to secure its interest after noting a lapse as part of its due diligence investigation.

## III

**AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge